IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEBRA E. SEZNIK,               § <br>     PLAINTIFF,            § <br>                                § <br> V.                             § <br>                                § <br> COMMISSIONER OF THE            § <br> SOCIAL SECURITY ADMINISTRATION, § <br>     DEFENDANT.           § | CASE NO. 3:20-CV-2574-B-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-249*, before the Court is Plaintiff's *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*. Doc. 31. For the reasons stated here, this motion should be **GRANTED**.

### I. BACKGROUND

In August 2020, Plaintiff filed a complaint seeking reversal of the decision of the Commissioner of Social Security denying her claims for disability insurance benefits under the Social Security Act. Doc. 1. Upon the recommendation of United States Magistrate Judge David Horan, the Court reversed the Commissioner's decision and remanded the case for further proceedings. Doc. 21; Doc. 25. The Court later awarded Plaintiff's counsel $4,457.86 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Doc. 27. The Commissioner thereafter found Plaintiff disabled and awarded her benefits retroactive to November 2017, totaling $172,146.10. Doc. 31 at 3; Doc. 31-1 at 12.

The Social Security Administration notified Plaintiff that it withheld $7,200.00 from her benefits award for payment to her representative at the administrative level. Doc. 31-1 at 14.

However, that amount is far less than the 25 percent of any benefits award specified in Plaintiff's fee agreement with counsel. Doc. 31-1 at 16. By the instant motion, counsel requests attorney's fees of $25,000—approximately 15 percent of Plaintiff's retroactive benefits award—and avers that he will return to Plaintiff the $4,457.86 fee previously awarded under the EAJA. Doc. 31 at 3, 9-10.

The Commissioner, while noting that she has no direct financial stake in the outcome of counsel's request, asks the Court to exercise its discretion in determining whether the fee sought is reasonable. Doc. 32, *passim*.

## II. APPLICABLE LAW

When a court renders a judgment favorable to a Social Security claimant, the court may award the claimant's attorney up to 25 percent of the total of the past-due benefits to which the claimant is found to be entitled. 42 U.S.C. § 406(b). Attorneys who successfully represent Social Security benefits claimants in court may receive fees under both the EAJA and section 406(b), "but . . . must refun[d] to the claimant the amount of the smaller fee." *Jackson v. Astrue*, 705 F.3d 527, 529 n.2 (5th Cir. 2013) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). Nevertheless, Section 406(b) calls on courts to conduct an independent review of contingency fee arrangements to ensure that the attorney for the successful claimant has met their burden of demonstrating that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 807.

If the benefits resulting from a contingency fee agreement are large compared to the time counsel spent on the case, the fee may be adjusted downward to avoid a windfall for counsel. *Id.* at 808. But a contingency fee agreement should be given "primacy," even if it could result in an excessively high fee, as section 406(b) "is not a fee-shifting statute." *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010). Further, "experienced, competent counsel should [not] be punished for

2

accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel." *Id.* at 380-81. If a claim is successfully appealed due to the attorney's efforts, then a fee may be reasonable, despite an effective hourly rate appearing mathematically high. *Id.* at 381. For a court to find a fee unreasonable, it must "articulate additional, *specific factors*" which show that the high fee is unearned by the attorney. *Id.* at 382 (emphasis added).

The Court of Appeals for the Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award in this context represents a windfall which would warrant a downward adjustment. *Id.* at 381. However, it has implicitly approved of several factors considered by district courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citation omitted).

### III. ANALYSIS

Here, the relevant factors weigh in favor of approving counsel's motion. First, courts have consistently recognized that there is a substantial risk that plaintiffs will not prevail in civil actions for Social Security benefits. *See, e.g., Cullar v. Saul*, No. 7:19-CV-00027-O-BP, No. 2021 WL 295842, at *2 (N.D. Tex. Jan. 8, 2021) (Ray, J.) ("[T]he Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court.") (quoted case omitted) *adopted by* 2021 WL 289270 (N.D. Tex. Jan. 28, 2021). Counsel in this case risked receiving no compensation, especially since Plaintiff had already lost at all levels of the administrative proceedings.

Counsel's fee agreement with Plaintiff provides for a fee of 25 percent of Plaintiff's retroactive benefits award in the event of a successful outcome. Doc. 31-1 at 16. Based on Plaintiff's retroactive benefits award, that would amount to a contingency fee of $43,036.53. Doc. 31 at 3. However, counsel seeks far less.

Here, there is no suggestion of fraud or overreaching because Plaintiff, who has a graduate degree and previously worked as a dentist, signed the contingency-fee agreement. Doc. 31-1 at 17; *Jeter*, 622 F.3d at 381-82 (noting that courts may consider the fact that the client consented to the fee arrangement in assessing whether the fee is reasonable). Further, counsel timely litigated this case and achieved a significant victory for his client that ultimately resulted in an award of $172,146.10 in past due benefits. Doc. 31-1 at 12; *Gisbrecht*, 535 U.S. at 807-08 (noting that the reviewing court should consider whether the attorney was responsible for any delay and the size of the award achieved in relation to the amount of time invested). The case also had a high degree of value to Plaintiff as she was ultimately able to qualify for Social Security benefits and recoup substantial past-due benefits. Doc. 31-1 at 11; *Jeter*, 622 F.3d at 382 (noting that courts can consider the value of the claim to the client in determining the fee's reasonableness).

Counsel also brought to bear in this case extensive experience, including 47 years of practice in Social Security law. Doc. 31 at 14-16; *Jeter*, 622 F.3d at 382 (noting that courts can consider attorney experience and skill in determining the reasonableness of the fee). Counsel provided effective and efficient representation, preparing a 13-page opening brief as well as a reply brief, in response to which this Court remanded the case for further administrative proceedings. Doc. 31 at 12.

The size of counsel's requested fee award, $25,000, divided by the 20.20 hours he avers were expended on this case, leads to an hourly rate of $1,237.62. Doc. 31 at 11-13 (counsel's hourly billing records). While substantial, as previously stated, the risk involved in litigating a contingency fee case of this nature should not be overlooked. *See Jeter*, 622 F.3d at 379-80 (holding that courts can consider the lodestar calculation as one measure in determining whether the contingency fee is reasonable and not a windfall). Moreover, the resulting hourly rate is also comparable to rates previously approved in other Social Security cases. *See, e.g., Moore v. Saul*, No. SA-19-CV-01308-ESC, 2021 WL 2593629, at *2 (W.D. Tex. June 24, 2021) (finding reasonable an effective hourly rate of $1,059.88); *Eric B. v. Comm'r of Soc. Sec.*, No. 3:17-CV-0083-G-BK, 2019 WL 7546622, at *2 (N.D. Tex. Dec. 18, 2019) (Toliver, J.) (finding an effective hourly rate of $937.50 reasonable), *adopted by* 2020 WL 109856 (N.D. Tex. Jan. 8, 2020); *Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (Lynn, J.) (approving de facto hourly rate of $1,245.55).

### IV. CONCLUSION

For the foregoing reasons, the requested fee award is reasonable. Accordingly, Plaintiff's *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, Doc. 31, should be **GRANTED**, and counsel should be awarded attorney's fees in the amount of $25,000.00, conditioned, however, upon counsel's immediate remittance to Plaintiff of the $4,457.86 EAJA fee award.

**SO RECOMMENDED** on July 17, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).